**11 CIV 6373**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kristine Jones, | Civil Action No. |
| Plaintiff, | |
| v. | |
| AFNI, Inc. and Experian Credit Bureau, | **COMPLAINT** |
| Defendants. | |

*Filed SEP 12 2011 U.S. District Court, S.D. of N.Y.*

For this Complaint, Plaintiff, Kristine Jones, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and applicable state statutes and the common law tort of defamation.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

6. Plaintiff, Kristine Jones (hereafter "Plaintiff"), is an adult individual residing in Haverstraw, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

7. Defendant, AFNI, Inc. ("AFNI"), is an Illinois business entity with a principal place of business of 404 Brock Drive, Bloomington, Illinois, operating as a debt collector, and is a "furnisher" of consumer information to consumer reporting agencies.

8. Defendant, Experian Credit Bureau ("Experian" or collectively with AFNI, the "Defendants"), is an Ohio corporation with a business address of 475 Anton Boulevard, Costa Mesa, California, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

9. Plaintiff became aware that AFNI reported to one or more of the three national consumer reporting agencies (hereafter "CRAs") that Plaintiff incurred a financial obligation to Sprint.

10. In a letter dated June 8, 2011, Plaintiff disputed ownership of the debt and informed AFNI that Plaintiff never incurred the financial obligation to Sprint.

11. AFNI continues to report Plaintiff's account to Experian.

12. On or about June 8, 2011, Plaintiff mailed a dispute letter to Experian, and informed them that Plaintiff never incurred the financial obligation to Sprint and requested that Experian verify and delete the erroneous AFNI representation from her credit file.

13. Nevertheless, Experian continues to report the AFNI account.

1

14.     Upon Plaintiff's request for verification and deletion, and in accordance with their standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify AFNI's representation.

15.     In the alternative to the allegation that Experian failed to contact AFNI, it is alleged that Experian did forward some notice of the dispute to AFNI and AFNI failed to conduct a lawful investigation.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

18.     Experian violated 15 U.S.C. § 1681e(b) on multiple occasions by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

19.     Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information from Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to AFNI; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

20.     Experian violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill their duties under the FCRA by reporting information with actual

knowledge of errors, reporting information after notice and confirmation of errors, and failing to update and/or correct previously reported information determined to be inaccurate or incomplete.

21. AFNI violated 15 U.S.C. § 1681s-2 on multiple occasions by willfully and/or negligently failing to fulfill its duties under the FCRA by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding the same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every credit reporting agency; and by failing to permanently correct its own internal records to prevent re-reporting of AFNI's representations to the consumer reporting agencies.

22. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

23. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

24. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT II
### NEGLIGENT, RECKLESS AND WANTON CONDUCT BY DEFENDANT AFNI

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. AFNI's acts, as described herein, were done negligently and without care or concern for the well-being of Plaintiff.

27. As a proximate consequence of AFNI's negligence, Plaintiff has suffered severe emotional and mental distress.

28. As a result of AFNI's unlawful acts, AFNI is liable to Plaintiff for actual, compensatory, and punitive damages, as well as costs and attorney's fees.

## COUNT III
## DEFAMATION BY DEFENDANT AFNI

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. AFNI published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

31. Each time Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by AFNI.

32. The publications were done maliciously, without privilege, and with willful intent to injure Plaintiff.

33. As a direct and proximate consequence of AFNI's acts of defamation, Plaintiff has been injured and has suffered severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against each Defendant;

2. Attorneys fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against each Defendant;

3. Actual damages for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial for Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 7, 2011

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff